PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINESS (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/823-4787

Attorneys for Plaintiff
ZACHARY T. WOODFORD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ZACHARY T. WOODFORD, <br><br> Plaintiff, <br><br> vs. <br><br> SAV-ON GASOLINE; ABBAS ALI NAZEMI dba SAV-ON GASOLINE; AND DOES 1-10, INCLUSIVE, <br><br> Defendants. | CASE NO. C09-00443 PVT <br><br> **CONSENT DECREE AND /xxxxxxxxxxxxxx ORDER** |

### CONSENT DECREE AND ORDER

1.    Plaintiff ZACHARY T. WOODFORD ("Plaintiff") filed a Complaint in this action on January 30, 2009, to obtain recovery of damages for his alleged discriminatory experiences, denial of access, denial of civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101 et seq., and California civil rights laws against Defendants SAV-ON GASOLINE and ABBAS ALI NAZEMI dba SAV-ON GASOLINE ("Defendants"), relating to the condition of the public accommodations at Sav-On Gasoline, located at 1415 Ocean Street, Santa Cruz, California. Plaintiff has alleged that Defendants violated Title III of the ADA and §§51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and §§19955 et seq. of the California Health and Safety Code, by failing to provide full and equal

access to the facilities at Sav-On Gasoline.

2. Defendants deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

### JURISDICTION

3. The parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the ADA, 42 U.S.C. §§12101 et seq. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §§19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51, 52, 54, 54.1, 54.3 and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree and Order agree to entry of this Order to resolve all claims raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the parties to this Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

### SETTLEMENT OF INJUNCTIVE RELIEF

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. Remedial Measures: The corrective work agreed upon by the parties is as set forth in **Attachment A**.

7. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California

1. Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

8. Timing of Injunctive Relief: Defendants will complete all work within 120 days of notice of entry of this order. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and, in any case, will provide a status report no later than 120 days from the entry of this Consent Decree and Order.

### DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS

9. The parties have reached an agreement regarding Plaintiff's claims for damages, attorneys fees, litigation expenses and costs. Defendants will collectively pay the amount of $4,000.00 within 30 days of entry of this order by the Court. This payment shall be in full satisfaction of Plaintiff's claims for all damages, including personal injury, civil rights, and all other forms of damages. Payments shall be made by check payable to "Paul L. Rein in Trust for Zachary T. Woodford." Plaintiff's statutory attorneys fees shall be determined upon noticed motion, which may be filed not sooner than 45 days and not later than 150 days from the entry of this Order by the Court.

### ENTIRE CONSENT ORDER

10. This Consent Decree and Order, and **Attachment A** to this Consent Decree and Order, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing parties, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

### CONSENT DECREE AND ORDER
### BINDING ON PARTIES AND SUCCESSORS IN INTEREST

11. This Consent Decree and Order shall be binding on Plaintiff and Defendants, and any successors in interest. The parties have a duty to so notify all such successors in interest of

the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

## MUTUAL RELEASE AND WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542

12. Each of the parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed by the parties. Except for all obligations required in this Consent Decree and Order, the parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree and Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

13. Except for all obligations required in this Consent Decree and Order, each of the parties to this Consent Decree and Order, on behalf of their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected

with the lawsuit.

## TERM OF THE CONSENT DECREE AND ORDER

14. This Consent Decree and Order shall be in full force and effect for a period of 12 months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for 12 months after the date of this Consent Decree and Order, or until the injunctive relief contemplated by this Consent Decree and Order is completed, whichever occurs later.

## SEVERABILITY

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts, and a facsimile signature shall have the same force and effect as an original signature.

NOW THEREFORE, IT IS HEREBY STIPULATED as follows:

DATED: _____, 2009

By: _____
Plaintiff ZACHARY T. WOODFORD

DATED: 7-22, 2009

By: _____
Defendants SAV-ON GASOLINE and ABBAS ALI NAZEMI dba SAV-ON GASOLINE

///

whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

### TERM OF THE CONSENT DECREE AND ORDER

14. This Consent Decree and Order shall be in full force and effect for a period of 12 months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for 12 months after the date of this Consent Decree and Order, or until the injunctive relief contemplated by this Consent Decree and Order is completed, whichever occurs later.

### SEVERABILITY

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

### SIGNATORIES BIND PARTIES

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts, and a facsimile signature shall have the same force and effect as an original signature.

NOW THEREFORE, IT IS HEREBY STIPULATED as follows:

DATED: 8-4-09, 2009

By: _____
Plaintiff ZACHARY T. WOODFORD

DATED: _____, 2009

By: _____
Defendants SAV-ON GASOLINE and ABBAS ALI NAZEMI dba SAV-ON GASOLINE

Baskin & Grant
730 Mission Street

APPROVED AS TO FORM:

DATED: 8/4, 2009     LAW OFFICES OF PAUL L. REIN
LAW OFFICE OF JULIE OSTIL

By: *[signature]*
PAUL L. REIN
Attorneys for Plaintiff ZACHARY T. WOODFORD

## ORDER

Pursuant to stipulation, and for good cause shown,

**IT IS SO ORDERED:**

DATED: 9/28, 2009

*[signature]*

PATRICIA V. TRUMBULL
United States Magistrate Judge

Baskin & Grant
730 Mission Street
Santa Cruz, CA 95060
(831) 425-8999

# ATTACHMENT A

1. **Accessible Parking**

    a. Reserve one 9-ft wide by 18-ft long parking space for persons with disabilities, on a level surface pursuant to California Building Codes.

    b. Mark an 8-ft wide by 18-ft long access aisle on the passenger's side of the vehicle space.

    c. Provide wall and pavement signage per California Building Code Section 1129B.

2. **Accessible Route to the Store**

    a. Widen walkway in front of the store to ensure a minimum 5-ft deep landing at the entry door.

    b. Install a curb ramp at the north end of the widened, front walkway. Ensure conformance with California Building Code Section 1127B, including, but not limited to, the following:

    - Curb ramp slopes no steeper than 8.33%.
    - Finish of the curb ramp contrasts with the finish of the front walkway.
    - 12" wide grooved border at the top, level surface of the curb ramp landing.
    - Guide curbs that rise 2-inches above the ramp surface on both sides of the new curb ramp.
    - Detectable warning material at the bottom of the ramp.

3. **Restroom**

    a. Reversal of the direction of the door.

    b. Installation of a 30" grab bar attached to the inside face of the door.

    c. The restroom shall be closed to the public. In the event the restroom is opened to the public, it shall be brought into full compliance with the ADA and applicable building codes.

    d. A sign shall be posted conspicuously at the entrance to the restroom identifying that it is for "employees only."